**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LALA AHARONYAN, | No. 10-70120 |
| Petitioner, | Agency No. A075-771-037 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 11, 2011[**]

Before:      THOMAS, SILVERMAN, and CLIFTON, Circuit Judges.

Lala Aharonyan, a native and citizen of Armenia, petitions for review of the

Board of Immigration Appeals' ("BIA") order denying her motion to reopen. We

have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the

_____

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2). Accordingly, Aharonyan's
request for oral argument is denied.

denial of a motion to reopen, *Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005), and we deny the petition for review.

The BIA did not abuse its discretion in denying Aharonyan's motion to reopen as untimely because it was filed over five years after the BIA's final order of removal, *see* 8 C.F.R. 1003.2(c)(2) (motion to reopen must be filed within 90 days of final order of removal), and Aharonyan did not show she acted with the due diligence required for equitable tolling, *see Iturribarria v. INS*, 321 F.3d 889, 897 (9th Cir. 2003) (deadline for filing motion to reopen can be equitably tolled "when a petitioner is prevented from filing because of deception, fraud, or error, as long as the petitioner acts with due diligence"). Nor did Aharonyan demonstrate changed country conditions to qualify for the regulatory exception to the time limit for filing motions to reopen, *see Toufighi v. Mukasey*, 538 F.3d 988, 996 (9th Cir. 2008); *see also* 8 C.F.R. § 1003.23(b)(4)(i).

**PETITION FOR REVIEWED DENIED.**